**IT IS ORDERED as set forth below:**



**Date: August 3, 2020**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DUWAN PITTMAN, | : | CASE NO. 18-68220-PMB |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT BETWEEN TRUSTEE, METRO CITY BANK, AND CHICAGO TITLE INSURANCE COMPANY UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On June 24, 2020, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Duwan Pittman ("**Debtor**"), filed his *Motion for Order Authorizing Settlement between Trustee, Metro City Bank, and Chicago Title Insurance Company under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 60] (the "**Motion**"), seeking an order approving a settlement agreement (the "**Settlement Agreement**") between Trustee, Metro City Bank ("**Metro City**"), and Chicago Title Insurance Company ("**CTIC**", collectively, the "**Parties**") related to certain improved real property with a common address of 5521 Marbut Road, Lithonia, DeKalb County, Georgia 30058 (the "**Property**") and Metro City's alleged security interest in the same. More specifically, under the terms of the

15330076v1

Settlement Agreement, *inter alia*,[1] within ten (10) days of the Settlement Approval Order[2] becoming final, Metro City's title insurer shall pay to Trustee $42,500.00 (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $42,500.00 made payable as follows: "S. Gregory Hays, Trustee (Pittman)." In exchange, upon the Settlement Approval Order becoming a final order, the Security Deed shall be deemed properly perfected as of its recording, and Metro City shall be entitled to re-record a copy of any document that it deems necessary to properly perfect its first priority security interest in the Property. In addition, within ten (10) business days of the later of: (a) the Settlement Approval Order becoming final, or (b) Trustee's closing a sale of the Property, Trustee shall pay to Metro City $59,039.23 from the proceeds of the sale of the Property as full and final payment of its first position security interest in the Property. Finally, the Parties grant each other broad and general releases. The complete terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

On June 26, 2020, Trustee filed *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 63] (the "**Notice**") regarding the Motion, in accordance with General Order No. 24-2018. Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on June 26, 2020. [Doc. Nos. 64 and 67]. The Settlement Agreement was scheduled for a hearing on August 10, 2020.

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018. No objection to the Motion was filed prior to the

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

15330076v1

objection deadline provided in the Notice.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated herein.  It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement.  It is further

**ORDERED** that Trustee is authorized to make the $59,039.23 Payment to Metro City in accordance with Section 2.4 of the Settlement Agreement. It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

### [END OF DOCUMENT]

**Order prepared and presented by**:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
   Michael J. Bargar
   Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-7030
Email: michael.bargar@agg.com

15330076v1

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Austin E. James
Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 460
Atlanta, GA 30319

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Duwan Pittman
5521 Marbut Rd
Lithonia, GA 30058

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

15330076v1